NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

DELANCEY DUNCANTELL TURNER, *Appellee*.

No. 1 CA-CR 24-0515

FILED 03-05-2026

Appeal from the Superior Court in Maricopa County
No. CR2019-123685-001
The Honorable Monica Griblin, Judge *Pro Tempore*

**REVERSED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Laila Ikram
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1      The State appeals the superior court's order expunging records of Delancey Turner's conviction for facilitation to commit sale or transportation of marijuana. Because the record establishes that the conduct underlying Turner's conviction was the sale of marijuana, we reverse.

**FACTS AND PROCEDURAL HISTORY**

¶2      In 2019, in exchange for $30, Turner twice sold marijuana to undercover police officers at a bus stop in Phoenix. The State charged Turner with two counts of sale or transportation of marijuana, a class 3 felony, in violation of Arizona Revised Statutes ("A.R.S.") § 13-3405(A)(4). He subsequently pled guilty to one count of facilitation to commit sale or transportation of marijuana, a class 6 felony. *See* A.R.S. § 13-1004(A), (C)(2). To establish the factual basis for his plea, Turner agreed that "on May 22nd of 2019 . . . [he] provided an opportunity to another to commit sale or transportation of marijuana," but gave no other details.

¶3      In 2024, Turner petitioned to expunge the record of his conviction under A.R.S. § 36-2862. The State opposed the petition, asserting the conduct underlying Turner's conviction was the sale of marijuana and that his conviction was therefore ineligible for expungement. The superior court held an evidentiary hearing and ultimately granted the expungement petition.

¶4      The State timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and 13-4032(4).

**DISCUSSION**

¶5      In late 2020, a voter initiative known as the Smart and Safe Arizona Act legalized adult possession and personal use of marijuana in Arizona and authorized the expungement of certain marijuana-related

criminal records.  *See* 2020 Ariz. Legis. Serv. Prop. 207 (codified at A.R.S. §§ 36-2850 to -2865).  As relevant here, an individual arrested, charged, convicted, or sentenced for possessing, consuming, or transporting two and one-half ounces or less of marijuana may petition to have the record of that arrest, charge, conviction, or sentence expunged.  A.R.S. § 36-2862(A)(1). The superior court must grant the petition unless the prosecuting agency shows ineligibility for expungement by clear and convincing evidence. A.R.S. § 36-2862(B)(3).  The superior court may hold an evidentiary hearing if the petitioner or State requests one or if the court concludes there are genuine disputes of fact regarding whether the petition should be granted. A.R.S. § 36-2862(B)(2).

¶6        We review an order granting an expungement for an abuse of discretion, but we review issues of statutory interpretation de novo.  *State v. Cisneros*, 255 Ariz. 564, 566, ¶ 8 (App. 2023).  Only those marijuana offenses specified in A.R.S. § 36-2862 are eligible for expungement.  *State v. Santillanes (Santillanes II)*, 256 Ariz. 534, 541, ¶ 29 (2024).  Sales-related offenses may be expunged only when they otherwise satisfy the requirements of A.R.S. § 36-2862, *State v. Sorensen*, 255 Ariz. 316, 320, ¶ 12 (App. 2023), but sale of marijuana itself is not eligible for expungement, *State v. Bouhdida*, 258 Ariz. 542, 546, ¶ 17 (App. 2024).

¶7        Section 36-2862 refers to general categories of conduct eligible for expungement rather than to specific offenses.  *State v. Santillanes (Santillanes I)*, 254 Ariz. 301, 308, ¶ 33 (App. 2022), *vacated in part on other grounds by Santillanes II*, 256 Ariz. at 543, ¶ 39.  When it is unclear whether a petitioner qualifies for expungement, the superior court may look beyond the elements of the petitioner's conviction and factual basis to consider other evidence.  *See id.*  The court may consider documents commonly containing hearsay such as police reports, an original charging document, a presentence report, or a grand jury transcript.  *State v. Simental*, 259 Ariz. 153, 155, ¶ 7 (App. 2025).

¶8        Here, Turner pled guilty to facilitation to commit sale or transportation of marijuana, and his factual basis stated only that he "provided an opportunity to another to commit sale or transportation of marijuana."  At the time of Turner's conviction, transportation of marijuana was illegal in Arizona only if the marijuana was being transported for sale. A.R.S. § 13-3405(A)(4); *Sorensen*, 255 Ariz. at 320, ¶ 11 ("[T]ransporting marijuana for personal use is not a cognizable crime in Arizona.").  And a person commits facilitation if that person "knowingly provides [another] person with means or opportunity for the commission of [an] offense." A.R.S. § 13-1004(A).  Turner's plea and factual basis leave unclear whether

he was convicted of facilitation to transport marijuana or facilitation to sell it.

**¶9** Recognizing this ambiguity, the superior court properly concluded a genuine dispute of fact existed as to whether Turner was eligible for expungement and set an evidentiary hearing in accordance with A.R.S. § 36-2862(B)(2)(b). *See, e.g., Santillanes I*, 254 Ariz. at 308, ¶¶ 30-33 (requiring the superior court to hold an evidentiary hearing and consider all admissible evidence where the elements of the offense and the defendant's factual basis did not make clear what quantity of marijuana the defendant possessed); *State v. Matthews*, No. 2 CA-CR 2024-0106, 2026 WL 73963, at *2, *4, ¶¶ 10, 16-18 (Ariz. App. Jan. 9, 2026) (mem. decision) (requiring the superior court to consider the extended record where the plea and factual basis did not make clear whether the defendant had been convicted of sale of marijuana or transportation of marijuana).

**¶10** At Turner's evidentiary hearing, the State called one of the undercover officers who bought the marijuana from Turner. The officer testified Turner was standing at a bus stop when the officer approached him. After a brief interaction, Turner "asked me if I wanted some gas," which the officer knew to be slang for marijuana. The officer said yes and exchanged $20 for a quantity of marijuana from Turner. Turner presented no evidence and did not testify. The presentence report also states Turner sold marijuana twice to an undercover detective. Despite this unchallenged evidence, the superior court concluded that Turner's conviction arose from his facilitation to transport marijuana and was therefore expungement-eligible. This was error.

**¶11** The uncontested evidence at the hearing in the form of the officer's testimony and the presentence report supports only that the conduct underlying Turner's conviction was the sale of marijuana. And the superior court heard no evidence that the conduct underlying the conviction involved the facilitation of transportation of marijuana or facilitation of sale of marijuana. Convictions arising from the sale of marijuana are ineligible for expungement. *See Bouhdida*, 258 Ariz. at 546, ¶ 17. The State clearly met its burden to show that Turner was ineligible for expungement. The superior court therefore abused its discretion in granting the petition because the State proved by clear and convincing evidence that the conduct underlying Turner's offense was not eligible for expungement.

**CONCLUSION**

**¶12**      We reverse the superior court's order granting Turner's petition for expungement.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:           JR